**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5083**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MARTINEZ KARON HOLMES, a/k/a Hammer,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:09-cr-00582-PMD-1)

Submitted: September 29, 2011      Decided: October 14, 2011

Before SHEDD and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Jill E. M. HaLevi, MEDIATION & LEGAL SERVICES, LLC, Charleston, South Carolina, for the Appellant. William N. Nettles, United States Attorney, Alston C. Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Martinez Karon Holmes was convicted of possession with intent to distribute fifty grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006). The district court sentenced him to 180 months' imprisonment. On appeal, Holmes does not challenge his convictions, but contends that the district court erred when it failed to apply the provisions of the Fair Sentencing Act of 2010 (FSA) when imposing the sentence.[1]

Both Holmes and the Government request that the sentence be vacated and the matter remanded for resentencing in light of the FSA. Accordingly, we affirm Holmes' conviction, but we vacate his sentence and remand the case to the district court to permit resentencing. By this disposition, however, we indicate no view as to whether the FSA is retroactively applicable to a defendant like Holmes whose offenses were committed prior to August 3, 2010, the effective date of the

---

[1] Holmes also argues the new crack to cocaine ratio in the FSA is unconstitutional. In light of our disposition, we find it premature to address this issue in this appeal.

2

Act, but who was sentenced after that date. We leave that determination in the first instance to the district court.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[2] We note that at Holmes' October 7, 2010 sentencing hearing, counsel for the defendant unsuccessfully argued for retroactive application of the FSA. Nevertheless, in light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we think it appropriate, without indicating any view as to the outcome, to accord the district court an opportunity to consider the matter anew.